## W. T. REED v. STATE.

No. A-4489.    Opinion Filed Sept. 13, 1924.
(228 Pac. 529.)

(Syllabus.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Illegal Sale.**
Evidence tending to show that the accused sold alcoholic commercial flavoring extract, to be used as an intoxicating beverage, held sufficient to support the charge and verdict of the illegal sale of intoxicating liquor.

Appeal from County Court, Jefferson County; E. L. Dillard, Judge.

W. T. Reed was convicted of the illegal possession of intoxicating liquor, and he appeals. Affirmed.

Bridges & Vertrees, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J. W. T. Reed, plaintiff in error, here designated the defendant, was in the county court of Jefferson county found guilty of the illegal possession of intoxicating liquor, with his punishment fixed by the jury at confinement in the county jail for a period of 30 days and to pay a fine of $150.

The defendant, by his counsel, argues that the evidence on the part of the state was insufficient to support the verdict and that the court erred in not so instructing the jury. The first witness for the state, a peace officer, testified in part as follows:

"I went down to Ryan and into Mr. Reed's grocery store. I met him at the door; he was out at the front door, like. I asked him, did he have any lemon extract with a kick to it; he said he did, and he'd warrant that it wouldn't give you the 'bust head' either. I told him I wanted a bottle; told him I'd drink it, and if it proved good I would

come back and get more. He said, 'All right, old top; got two or three cases back there, think I can supply you.' I went in and got one bottle, and went back to where Mr. Grimes was in the car; left the bottle with Mr. Grimes, and came back to the grocery store, and said, 'That was pretty good stuff; give me two more bottles.' He said, 'The boys in town here all drink it; it's a lot better kind than you usually get; it don't give you the bust head.'"

Later other officers went to defendant's grocery store and found 257 bottles of lemon extract and a pint of corn whisky. In and about the premises they found a large number of empty bottles and containers, bearing evidence of having contained extract and corn whisky. The extract bottles were of the usual commercial size and variety, with a label and directions printed thereon, also the words, "Fifty per cent. alcohol."

It is argued that there was no specific proof that the extract contained more than 1½ per cent. of alcohol, measured by volume; that this court cannot take judicial notice that extract is intoxicating, and that the whisky found was in the desk of the defendant and evidently there for his own personal use. As suggested, the one pint of corn whisky may be eliminated from the case. We may also concede that the fact that the bottles of extract bore a printed label stating that the alcoholic content of the extract was 50 per cent. is not conclusive proof of the amount of alcohol in the bottles. But that printed declaration on the bottles, together with defendant's statement that it had a "kick," and that "the boys here in town all drink it," and "it will not give you a bust head," and the fact that so many empties were there in evidence, all considered together, are sufficient to sustain the verdict, based on the theory of the state that the extract was intoxicating and was being sold as an intoxicating beverage. It might be true that some of those

empty bottles were left on the premises without the knowledge or consent of the defendant; but a wheelbarrow load of such empty bottles indicates that the place was a place where intoxicating beverages were being sold on rather a large scale and being consumed on the premises, presumably with the consent of the defendant. These being legitimate conclusions deduced from the evidence, the verdict will not be disturbed.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.